IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| NATHANIEL BRUCE DUNMORE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:18cv00251 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| OFFICER ROOP, et al., | ) | By:  Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Defendants. | ) | |

Nathaniel Bruce Dunmore, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, regarding an incident where he was bitten by a dog at Red Onion State Prison ("Red Onion"). The defendants have moved to dismiss all of Dunmore's claims except his excessive force claim against defendant Officer Roop. Having reviewed the pleadings, the court will grant defendants' motion to dismiss.

I.

Dunmore alleges that, on December 11, 2017, he was involved in a fight with another inmate. Dunmore claims that after the fight had ended and Dunmore was on the ground, "secured," and with his arms "stretched out in the proper way," defendant Officer Roop and his K-9 dog approached Dunmore. Dunmore states that Officer Roop "made" the dog bite Dunmore's "right foot and ankle area," then "yank[ed] and pull[ed]" on the dog, and "repeatedly" stomped on Dunmore's foot. The incident left "bite holes" in the side and bottom of Dunmore's foot and caused "unbearable pain" and irreparable nerve damage.

Dunmore claims that Officer Roop subjected him to excessive force[1] and that defendants Warden Kiser, Virginia Department of Corrections ("VDOC") Director Clarke, and VDOC Chief of Corrections Robinson are liable as supervisors of Red Onion and the VDOC.

After the incident, Dunmore filed an informal complaint and "was not satisfied" with defendant Unit Manager Duncan's response to the complaint. In addition, Dunmore believes that defendant Investigator Fannin inadequately investigated the incident.

**II.**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions masquerading as factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be

---

[1] Dunmore also summarily alleges that Officer Roop acted with negligence. However, because a § 1983 claim cannot be based on negligence resulting in an accidental dog bite, *see Cochran v. City of Deer Park, Texas*, 108 F. App'x 129 (5th Cir. 2004) (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986), the court will grant defendants' motion to dismiss to the extent Dunmore is raising a negligence claim under § 1983 against Officer Roop. The excessive force claim against Officer Roop will remain.

enough to raise a right to relief above the speculative level," *id.*, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe pro se pleadings liberally. *See, e.g., Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a pro se complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

### III.

Dunmore alleges that Warden Kiser, VDOC Director Clarke, and VDOC Chief of Corrections Robinson are liable for the excessive force incident because they are supervisors of Red Onion and the VDOC. The court finds that Dunmore's allegations do not state a viable

claim against these defendants and, therefore, will grant defendants' motion to dismiss these claims.

In order to set forth a claim for supervisory liability under § 1983, a plaintiff must show:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"[;] and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

Dunmore has failed to allege facts that would establish any of the *Shaw* elements against Warden Kiser, Director Clarke, or Chief of Corrections Robinson. In fact, he does not allege any conduct committed by these defendants, nor does he allege they were aware of the incident at any point. Moreover, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983). Accordingly, the court will grant defendants' motion to dismiss the claims against Warden Kiser, Director Clarke, and Chief of Corrections Robinson.

## IV.

Dunmore alleges that Unit Manager Duncan improperly denied Dunmore's informal complaint concerning the excessive force incident and Investigator Fannin failed to adequately

investigate the incident. The court finds that Dunmore's allegations do not state a violation of a federal right and, therefore, will grant defendants' motion to dismiss these claims.

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the constitution of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). "Ruling against a prisoner on an administrative complaint does not cause or contribute to [a constitutional] violation," *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007), and inmates do not have a constitutionally protected right to access the grievance procedure, *see, e.g.*, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Accordingly, Unit Manager Duncan is not liable under § 1983 for his response to the informal complaint. *See Brown v. Va. Dep't Corr.*, No. 6:07cv33, 2015 U.S. Dist. LEXIS 12227, at *8, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009); *see also Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (holding allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the alleged underlying deprivation).

Dunmore's claim that Investigator Fannin failed to adequately investigate the incident also is not cognizable under § 1983. *See Charles v. Nance*, 186 F. App'x 494, 495 (5th Cir. 2006) (holding that alleged failure to investigate a grievance "fails to assert a due process violation"); *Sweat v. Rennick*, No. 9:11-2908, 2012 U.S. Dist. LEXIS 55200, at *5, 2012 WL 1358721, at *2 (D.S.C. Feb. 7, 2012) ("Plaintiff's complaint that this Defendant has not properly investigated his claims . . . fails to set forth a claim for a violation of a constitutional right."); *Lewis v. Williams*, Nos. 05-13, 05-51, 05-52, 2006 U.S. Dist. LEXIS 8444, at *18-19, 2006 WL 538546,

at *7 (D. Del. Mar. 6, 2006) ("[T]he failure to investigate a grievance does not raise a constitutional issue."). Accordingly, the court will grant defendants' motion to dismiss the claims against Unit Manager Duncan and Investigator Fannin.

## V.

Finally, to the extent Dunmore brings this action against the defendants in their official capacity for monetary damages, such relief is not available via § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the court will grant defendants' motion to dismiss Dunmore's claims for monetary damages against defendants in their official capacities.

## VI.

For the reasons stated, the court will grant defendants' motion to dismiss.[2] Accordingly, only Dunmore's excessive force claim against Officer Roop remains.

**ENTERED** this 16th day of November, 2020.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[2] Dunmore also filed a motion to compel discovery (ECF No. 22), and defendants filed a motion to stay discovery (ECF No. 26) pending the court's adjudication of their motion to dismiss. Because the discovery was not necessary for the court's adjudication of the defendants' motion to dismiss, *see* Fed. R. Civ. P. Rule 26(b)(1), the court will deny Dunmore's motion. And because the court has now adjudicated the defendants' motion to dismiss, the court will deny defendants' motion to stay as moot.